UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-352S |
| | : | |
| MIAMI DADE COUNTY PUBLIC SCHOOLS | : | |

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-355S |
| | : | |
| CROSSROADS RHODE ISLAND | : | |

**CONSOLIDATED REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

During August 2009, Plaintiff Selethea Dorsey filed eleven (11) Complaints in this Court and in each case filed an Application to Proceed Without Prepayment of Fees including the $350.00 per case filing fee. Plaintiff's Applications (Document No. 2 in each case) filed pursuant to 28 U.S.C. § 1915 have all been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Applications signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of these proposed civil cases and thus, Plaintiff's Applications to Proceed Without Prepayment of Fees (Documents No. 2) are GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaints *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss any that are "frivolous or

malicious," "fail[] to state a claim on which relief may be granted" or "seek[ ] monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaints be DISMISSED because they are "frivolous," "fail[ ] to state a claim on which relief may be granted," and/or "seek[ ] monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Although all of Plaintiff's handwritten Complaints are somewhat confusing and poorly organized, several raise related claims which should and will be addressed in a consolidated report and recommendation. The two cases addressed herein arise out of an identical twelve-page Complaint.

Plaintiff apparently arrived in Providence by Greyhound Bus on June 25, 2009. See Dorsey v. Greyhound Buses, C.A. No. 09-343S. In these two cases, Plaintiff sues Miami Dade County (Florida) Public Schools ("MDCPS") and Crossroads Rhode Island. Although Plaintiff filed the two cases separately, the Complaints contain identical factual allegations. The only claimed relation between the two Defendants, however, is that a person who works or worked for Miami Dade County Public Schools also works at Crossroads Rhode Island. Crossroads is a homeless shelter where Plaintiff has apparently been residing since she arrived in Providence.

As to MDCPS, Plaintiff raises a number of different issues. She claims that MDCPS did not send a replacement diploma to her after her original diploma was stolen (she states she is a 1974 graduate) and that instead MDCPS sent her a "phony" replacement diploma which contained the wrong school principal's name. Plaintiff also claims that MDCPS failed to contact

her when her now-adult son (born 1978) fell off the roof of his school.[1]  Finally, Plaintiff demands copies of her (and/or her three children's who were also students in the MDCPS) report cards, transcripts and shot records.

As to Crossroads Rhode Island, Plaintiff claims that a staff member(s) made "smart," "nasty" remarks to her including that she "get a case manager."  She also alleges that she and her bags were searched without a search warrant by Crossroads staff and private security guards.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity.  28 U.S.C. § 1915(e)(2)(B).  The standard for dismissal of an action filed *informa pauperis* is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).  Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and

---

[1] Plaintiff does not allege the date of this accident.  However, she alleges that her son was born in 1978 and thus he would likely have graduated from high school over ten years ago in either 1996 or 1997.  Thus, any claim based on this accident would likely be barred as untimely.

other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that Plaintiff's Complaints be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaints as true and has drawn all reasonable inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaints, dismissal is required.

Rule 8(a)(1), Fed. R. Civ. P., requires that every Complaint "must" contain a short and plain statement of the grounds for the Court's jurisdiction. This generally consists of a reference to subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff's Complaints do not contain the required jurisdictional allegations and thus do not comply with Rule 8(a)(1).

Plaintiff's Complaints also fail to comply with Rule 10(a) and (b), Fed. R. Civ. P., because they are not in the proper form. Plaintiff's Complaints do not contain a proper caption which names all of the parties sued as required. In addition, her allegations are stated in narrative form rather than stated in number paragraphs and each claim organized into separate counts or sections as required.

In addition to these procedural deficiencies, Plaintiff's claims as plead do not trigger this Court's subject matter jurisdiction. First, as to federal question (28 U.S.C. § 1331), Plaintiff does not identify any federal laws or constitutional provisions allegedly violated by any of the Defendants. Plaintiff indicates that she has been subjected to searches "without a search warrant." However, the warrant requirement of the Fourth Amendment to the United States Constitution does not apply to private action. Crossroads is a private entity and thus is not subject to the Fourth Amendment's warrant requirements. Since Plaintiff has not adequately stated any federal claims, the Court has no subject matter jurisdiction under 28 U.S.C. § 1331.

Plaintiff may, however, allege common law claims under state law which might trigger diversity jurisdiction under 28 U.S.C. § 1331.[2] However, Plaintiff's Complaints do not indicate her state of citizenship. While it appears from the address she provided that Plaintiff is currently residing at a homeless shelter in Providence, it is unclear if Rhode Island is Plaintiff's domicile and thus state of citizenship for diversity jurisdiction purposes. See Murphy v. Newport Waterfront Landing. Inc., 806 F. Supp. 322, 324 (D.R.I. 1992) (domicile is established when a person takes up residence in a new state). Even if Plaintiff could establish diversity of citizenship as to one or both of these Defendants, she would still have to meet the minimum $75,000.00 jurisdictional amount as to each of these cases. From my review of Plaintiff's Complaints and Civil Cover Sheets, she does not meet this requirement for diversity jurisdiction.

---

[2] For instance, Plaintiff's claims against Crossroads Rhode Island include allegations about searches. Although a shelter such as Crossroads has legitimate safety and security reasons for searching clients to keep its facilities safe and free of contraband, such as drugs or weapons, it is conceivable that the manner in which a particular permissible search occurs could support an invasion of privacy or battery claim. However, Plaintiff does not allege facts supporting such claims and her issue seems to focus on the lack of a warrant or, in her mind, the absence of a valid reason for the search.

She demands a total of $60,000.00 from MDCPS and a total of $10,000.00 from Crossroads Rhode Island.

Plaintiff's Complaint also fails to contain any allegations as to why this District is the proper venue or location to pursue her claims against MDCPS (a Florida governmental entity). Even if this Court did have diversity jurisdiction, venue would not be proper in this District. Under 28 U.S.C. § 1391(a), a diversity case must be brought in the District where (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the defendant is subject to personal jurisdiction if there is no District where the case can otherwise be brought. See Berube v. Brister, 140 F.R.D. 258, 261 (D.R.I. 1992) (plaintiff's residence by itself is not sufficient to confer venue if the case has no other relation to that District). Plaintiff's case against MDCPS has no connection to Rhode Island other than Plaintiff's residence here at the time of filing.

**Conclusion**

For the reasons stated, Plaintiff's Applications to Proceed Without Prepayment of Fees (Documents No. 2) are GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii), I further recommend that Plaintiff's Complaint be DISMISSED as discussed above.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United

States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 25, 2009